Steven Lenzkes, State Bar #33836
steve@grapevinelegal.com
GRAPEVINE LEGAL, LLC
1101 Broadway Street, Suite 213
Vancouver, WA 98660
Ph. (360) 601-6284 Fax (360) 326-1576

Hon.. Mary Jo Heston
Chapter 7
Hearing location: Telephonic
Hearing Date: Sept. 1, 2020
Hearing Time: 9 am
Response Date: August 25, 2020

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

IN RE:

MOLLY JO KARVINEN,

    Debtor.

Case No.: 20-41550-MJH

**RESPONSE TO TRUSTEE'S MOTION FOR ORDER REQUIRING DEBTOR TO PERFORM DUTIES OF DEBTOR UNDER 11 U.S.C. §521 (a)(1) AND FOR SANCTIONS**

Steven R. Lenzkes, attorney for Debtor Molly Jo Karvinen, responds to the Trustee's Motion to Perform Duties of Debtor under 11 U.S.C. §521 (a)(1) and for sanctions:

The Trustee alleges that Debtor and her Counsel "failed and refused" to turnover payment information to the Trustee for the rent payments in the year prior to filing. This is a demonstrable falsehood of his sworn testimony submitted to this Court. On the day following the Trustee's request for information regarding the rent payments made by the Debtor, this

Counsel sent an email (Exhibit A) with an attachment of payment receipts (Exhibit B) which detail the date, amount, and recipient of the monthly rental payments made to Debtor's mother. Therefore the Trustee's statement that Counsel "failed and refused" to provide this information is a sworn statement made to this Court that is false. Nor did Counsel ever refuse to amend the SOFA as evidenced in the email thread that the Trustee provided as an exhibit to his declaration. That is another false statement made to this Court.

(The cause of action is actually (a)(3) and (a)(4) of §521, [duty to cooperate and turn over requested information]. The requested information was promptly provided. There is, however, no duty under §521 to amend schedules according to a Trustee's interpretation of law nor does it empower a Trustee to set a deadline other than a reasonable time as would be determined by the Court.)

    Clearly, the Trustee is confusing a legal disagreement with the duty to cooperate.

    This monthly rent payment, in the amount of $1843,70, is the exact amount of the attached mortgage statement (Exhibit C). The address listed on the mortgage statement, 12216 NE 116th Street, Vancouver, WA 98682, is the address that the Debtor listed in her Statement of Financial Affairs, #2 (Exhibit D).

    As for the amendments to SOFA:  First, Counsel was not aware of any immediate deadline to make this amendment if it required amending. As was the case, Counsel was looking into the Trustee's position and has yet to identify, <u>nor has the Trustee provided as requested</u> (see email to Trustee Garrett attached as Exhibit E). any case law that held that the contemporaneous payment of monthly residential rent, not subject to a lease, to be a preferential payment on debt or a payment on debt benefiting an insider as contemplated by 11 U.S.C. §547.  Counsel has never "refused" to amend the SOFA if there are reasonable grounds and case law that support the

GRAPEVINE LEGAL, LLC
1101 Broadway Street, Suite 213
Vancouver, WA  98660
Ph.  (360) 601-6284  Fax (360) 326-1576

Trustee's contention that these payments did not fall within the exceptions of §547.  Yet the Trustee <u>repeatedly demanded an immediate response</u> to which this Counsel rightly viewed as harassment.  At issue are the exception provisions listed under subsections (c)(1) and (c)(2) of §547 providing exceptions to the Trustee's avoidance powers of preferential transfers.  These exceptions involve the contemporaneous exchange of new value and/or made in the ordinary course of financial dealings.  Counsel has always considered the timely monthly payment of non-leased residential rent as a contemporaneous exchange of new value and made in the ordinary course of financial affairs and therefore not payments on antecedent debt nor a payment on debt benefiting an insider.  As Exhibit A shows, the monthly payments were listed as "house" and the recipient was her mother Wendy Stephens.  Debtor resided at the property at the time of the payment and payment was made to the mother and not to the mortgage creditor.  Therefore neither paragraph #7 nor #8 apply in the sense that Debtor's other creditors would have received a benefit had the payments not been made under (b)(5)(B) provision of §547.

Second, these payments were not gifts nor improper payments impairing the estate as the Trustee argues and yet provides no evidence.   To suggest otherwise would entail a broad and sweeping change to bankruptcy law and would have significant consequences to the vast number of young adults who reside with their parents or others who pay rent to a friend or family member. **As is often the case, many trustees make immediate demands for repayment from the Debtor or the recipient without first establishing the prerequisite factors of §547 before the Court.**  This is the hazard created when such rental payments are presented as payments on debt or on debt that benefits and insider.  This also creates extreme anxiety and incredible stress upon both the Debtor and the recipient.  Accordingly, the policy of Counsel has been to disclose such payments during oral testimony at the 341 Meeting of Creditors yet not formally characterize them as payments on debt within the bankruptcy documents.  In fact, if the Court should prohibit the Trustee from making any repayment demand until such time that the prerequisite factors of §547 are established – and not subject to its exceptions -- within a motion

GRAPEVINE LEGAL, LLC
1101 Broadway Street, Suite 213
Vancouver, WA  98660
Ph.  (360) 601-6284  Fax (360) 326-1576

to the Court then the SOFA will be promptly amended if the Court finds that payments for rent are payments on debt.

As is evidenced above, Counsel has promptly provided to the Trustee with the exact information he has requested, and Counsel has been reasonable and communicative in his reluctance to formally characterize these as payments made on antecedent debt or payments on debt benefiting an insider.

Accordingly, Debtor and her Counsel pray the Court to deny Trustee's motion and to deny his request for sanctions. The Court may also consider just and proper remedies against the Trustee himself for providing false information to this Court, which is squarely within the scope of 'vexatious conduct'.

Dated this 11th day of August, 2020

 /s/ Steven Lenzkes
Steven R. Lenzkes, WA Bar #33836
Attorney for Debtor Molly Jo Karvinen

GRAPEVINE LEGAL, LLC
1101 Broadway Street, Suite 213
Vancouver, WA  98660
Ph.  (360) 601-6284  Fax (360) 326-1576